## Commonwealth v. Schaum

*John F. Bell,* First Assistant District Attorney, for Commonwealth.

*Sigmund L. Bloom,* for defendant.

DiSALLE, J., June 21, 1971.—We have before us a motion to quash the indictment. Defendant is charged with rape and the indictment is in two counts. The first count charges that the act of intercourse took place "forcibly and against (the victim's) will." The second count alleges that the victim was under the age of 16 years at the time and the act occurred "with her consent."

Defendant argues that the two counts are inconsistent, that he cannot defend himself properly, and that the district attorney should be compelled to elect the count upon which he wishes to proceed.

Prior to 1966, The Penal Code provided:

"Whoever has unlawful carnal knowledge of a woman, forcibly and against her will, or whoever being of the age of sixteen (16) years and upwards, unlawfully and carnally knows and abuses any woman child under the age of sixteen (16) years with or without her consent, is guilty of rape, a felony, and on conviction, shall be sentenced to pay a fine not exceeding seven thousand dollars ($7,000), or undergo imprisonment, by separate or solitary confinement at labor, or by simple imprisonment, not exceeding fifteen (15) years, or both": Act of June 24, 1939, P. L. 872, sec. 721, 18 PS §4721.

The Act of May 12, 1966, Spec. Sess. No. 3, P.L. 84, sec. 1, changed it to read, in relevant part, as follows:

"(a) Whoever has unlawful carnal knowledge of a woman, *forcibly and against her will,* is guilty of rape, a felony, and on conviction, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), and undergo imprisonment, by separate or solitary confinement at labor for a term the length of which shall be determined by the court but shall not be less than fifteen (15) years or more than life if in the course of the commission of the act, he inflicts serious bodily injury upon anyone. In all other cases he shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or undergo imprisonment by separate or solitary confinement at labor or by simple imprisonment for a term which shall be determined by the court, the maximum of which shall not exceed twenty (20) years, or both.

"As used in this section the term 'serious bodily injury' means bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any member or organ of the body.

"(b) Whoever, being of the age of sixteen (16) years and upwards, unlawfully and carnally knows and abuses any woman child under the age of sixteen (16) years *with her consent*, is guilty of statutory rape, a felony, and on conviction, shall be sentenced to pay a fine not exceeding seven thousand dollars ($7,000), or undergo imprisonment, by separate or solitary confinement at labor, or by simple imprisonment, not exceeding fifteen (15) years or both." (Italics supplied.)

It seems clear that the legislature intended to establish three categories of rape under the 1966 act:

(1) Forcible rape of a female of any age, accompanied by serious bodily injury, with a penalty of not less than 15 years nor more than life.

(2) Forcible rape of a female of any age, without serious bodily injury, with a penalty not to exceed 20 years.

(3) Consensual intercourse with a female under 16 years, with a penalty of not more than 15 years.

Defendant argues that the legislature intended to draw sharp distinctions between forcible and statutory rape, and, therefore, the Commonwealth must elect the charge on which it desires to proceed. We do not agree. While the legislature has refined the distinctions insofar as the penalties are concerned, it obviously has not changed the substantive law on the subject. See Commonwealth v. Cox, 209 Pa. Superior Ct. 457 (1967).

We see no difference between compelling defendant to go to trial on the all-inclusive indictment in

this case, and the situation where a defendant is faced with an indictment charging murder. In each case, the jury may return one of three possible verdicts.

The same arguments raised here were made and considered by this court in Commonwealth v. Ragazzini et al., Q. S. September sessions, 1967, nos. 227, 228 and 229. In Ragazzini, President Judge Sweet said this:

"We felt then and still believe that it was not the intention of the Legislature to leave any gray zone between forcible rape and statutory rape. The defendant's position is that forcible rape involves resistance to the uttermost and statutory rape requires affirmative consent. We do not think the Legislature meant to create any gap between the two."

Judge Sweet's ruling on this point was one of the issues argued before our Superior Court which affirmed his opinion and order, Per Curiam: Commonwealth v. Evans, et al., 216 Pa. Superior Ct. 802. After Ragazzini exhausted his State remedies, he moved into the Federal system, and again the issue of the amendment of the indictment was considered, this time by Judge Gourley, of the United States District Court for the Western District Court of Pennsylvania: United States of America, ex rel. Robert Ray Ragazzini v. Joseph Brierley, Superintendent, et al., Civil Action No. 70-548. Judge Gourley ruled that the trial court did not err in permitting the amendment.

Accordingly, we make the following:

ORDER

And now, June 21, 1971, defendant's motion to quash the indictment is denied.